(No. 42575.— 

MOTOROLA, INC., Appellee, *vs.* THE INDUSTRIAL COMMIS-
SION *et al.*—(BRONIA JODOIN, Appellant.)

*Opinion filed December 4, 1970.*

WARD, J., took no part.

JORDAN TEPLITZ, and FRANK, LEVIN & RUBIN, both of
Chicago, for appellant.

ROBERT V. NYSTROM, of Chicago, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Bronia Jodoin was employed as an inspector and tester
by Motorola, Inc., on March 16, 1964, when she fell over a
hand truck twisting her leg and back and bruising her arm.
After a hearing on her claim for workmen's compensation,
the arbitrator entered an award for the permanent loss of
use of the left leg to the extent of 75% and the permanent
loss of use of the right leg to the extent of 25%. On review
the Industrial Commission entered an award for total and
permanent disability. The circuit court of Cook County re-
versed the decision of the Industrial Commission and rein-
stated the decision of the arbitrator.

The employee appeals from this order alleging that the
court erred in reversing the Industrial Commission's finding

of total and permanent disability. The employer has filed a cross appeal from the order alleging that the court erred in reinstating the arbitrator's finding of permanent loss of use of the right leg to the extent of 25%.

The employer does not dispute that the employee injured her left knee during the course of her employment causing permanent loss of use of the left leg to the extent of 75%; nor does it dispute that she is presently suffering from a disability in her back although it questions whether the disability is a herniated disc. What the employer does vigorously dispute is that the back disability was caused by the fall on March 16, 1964. Motorola argues that she injured her back subsequent to the time of her employment. The principal question, therefore, is whether the finding of the Industrial Commission that the employee is totally and permanently disabled as the result of a back injury suffered in the fall on March 16, 1964, is against the manifest weight of the evidence.

Claimant testified that on March 16, 1964 she fell over a hand truck as she was carrying a transmitter. She was given first aid at the company dispensary. The next morning she had a great deal of pain in her back and leg. She did not go to work and was sent to Dr. Furnell at Callahan Clinic. He examined her, gave her therapy for several weeks and then referred her to Dr. Seagraves. On May 13, 1964, Dr. Seagraves operated on her left leg. She was discharged from the hospital on May 30, 1964, and was thereafter given therapy as an outpatient. She returned to work on October 19, 1964, and remained until November 21, 1964. She said her back and leg continued to hurt her during the time she worked. She complained to the company nurse, Mary Malee, who referred her to Dr. Seagraves for more therapy. She said she received therapy three times a week on her leg and back until she left her employment.

About November 21, 1964, she left her employment and moved to Massachusetts where her husband had inherited

some land. The pain in her back and leg became worse and in February 1965 she went to Dr. Voss. After examining her, he referred her to Dr. Stoll. He examined her and sent her to a hospital in Woonsocket, Rhode Island, where a myelogram was performed and traction was applied. She testified that her back continuously hurts and she must wear a brace to ease the pain.

Doctor Dale Furnell testified that he is an orthopedic surgeon; that in 1964 he was associated with the Callahan Clinic in Chicago; that he supervised closed fractures caused by industrial injuries and that he saw patients from Motorola. He first saw the claimant on March 17, 1964, at which time he found abrasions of the hand, limited range of motion of the lumbar spine, a low back sprain, tenderness muscle spasm lumbar, possible torn patellar ligament or meniscus of the left knee, and abrasions and tenderness of the left ankle. He prescribed bed boards and bed rest for the back. On March 21, 1964, he found she had improved range of motion in her lumbar spine and her left knee had positive McMurray sign or cartilage injury. The doctor had X rays made of the lumbar spine, the left ankle, and the left knee. The last time he saw her was on April 3, 1964, at which time she complained of recurrent buckling of her left knee which he diagnosed as laceration of her left meniscus and referred her to Dr. Seagraves for consultation. Claimant did not mention her back to him on her last two visits.

Doctor James Seagraves, a bone and joint surgeon, saw claimant on April 7, 1964, and diagnosed her injury as a tear of the quadriceps tendon. He prescribed physiotherapy and then recommended surgery which the employer authorized. On May 14, 1964, he operated on the quadriceps muscle and tendon in her left leg and repaired the tear. He said she never complained about her back until he saw her on April 6, 1965, when she told him "that she was unable to move her left leg at all now and that she had been told by

a doctor down East she had a disc problem rather than a torn tendon, although there may have been a torn tendon there, but the fact that it continued to bother her and cause her weakness, and so forth, was due to the fact that she had possibly a dislocated or herniated disc."

Dr. Seagraves's testimony that the employee never complained about her back from April 7, 1964, when he first saw her, until April 6, 1965, when she returned to Chicago from Massachusetts, was impeached when he read from his medical records on cross-examination. He said: "Now I've got, this is November, 1964, this is after the operation remember, pain in the back, knee bothers, patient to get PT. Patient to get PT on the back also. And this is in my handwriting."

The employer has argued succinctly and states flatly in its brief that "The record fails to show any complaint or treatment for a back problem until almost a year after the original accident." The record does not support the argument. Dr. Furnell, who examined the employee the day after the accident, noted a back injury in the patient's history of the accident, noted objective medical findings of a back injury and prescribed treatment. The claimant testified that in addition to telling Dr. Furnell about the pain in her back, she complained to Dr. Seagraves and received therapy treatment on her back until November 1964 when she moved to Massachusetts. Dr. Seagraves's handwritten notes in the medical records corroborate her testimony.

Dr. Julius Stoll, a neurological surgeon from Rhode Island, who treated claimant, testified that he sees about 800 herniated disc cases a year and has been practicing for 12 years. He felt she had a herniated disc, that this injury was caused by the accident on March 16, 1964, and that the injury rendered her permanently and totally disabled.

Dr. Leonard Smith, an orthopedic surgeon, testified as to the objective findings of his examination of the claimant

and the medical records submitted to him. His diagnosis and conclusions were the same as those of Dr. Stoll.

The finding of the Industrial Commission that claimant was totally and permanently disabled as a result of a back injury she suffered in the accident on March 16, 1964, is not against the manifest weight of the evidence. The order of the circuit court of Cook County is accordingly reversed and the award of the Industrial Commission is affirmed and reinstated.

*Judgment reversed; award reinstated.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.